**S. M. RODGERS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 15175.**

United States Court of Appeals,
Fifth Circuit.

March 11, 1955.

G. W. Parker, Jr., A. E. Brooks, Fort Worth, Tex., for appellant.

H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Special Asst. to Atty. Gen., Karl Schmeidler, Asst. to Atty. Gen., Heard L. Floore, U. S. Atty., Fort Worth, Tex., for appellee.

Before BORAH and TUTTLE, Circuit Judges, and DAWKINS, District Judge.

PER CURIAM.

In the motion for rehearing the only points requiring comment, because all other matters were before the court on the original hearing, are the statements that this court "erred and incorrectly stated the record when it held that when appellant's wife died she left 'a will which was duly executed and witnessed,'" and that there was "no evidence of any kind or character that appellant's wife left a 'lawful will.'" The motion further states "there is no evidence that such will was duly executed and witnessed and there is no such statement in the stipulation."

■■ The trial court stated in its letter-opinion, date March 19, 1954, brought to this court by appellant as a part of the record, "Mrs. Minnie Bell Rodgers died in 1944 but in 1916 had executed an instrument described as 'my last will and testament,' naming her husband, S. M. Rodgers, as sole devisee, which was duly witnessed." Appellant took no exception either in his brief or on oral argument to this finding of fact by the trial court. We therefore accepted as true this statement, which was in no way brought in issue except on the undisputed ground that there had been no probate of the will. Moreover, even if an issue had been made by attacking the court's finding, there was ample proof in the record to have sustained the court's finding. For instance, the complaint filed by appellant in the trial court alleged "Mrs. Minnie Bell Rodgers executed a document purported to be her last will and testament." This is clearly sufficient to justify the court's finding that Mrs. Rodgers executed such a document with whatever legal formalities may have been necessary to constitute a "due execution." Furthermore, the fact that appellant himself, shortly after his wife's death, executed a deed to his children in which he described himself as "S. M. Rodgers, individually and as sole devisee under the will of M. B. Rodgers, deceased," is sufficient evidence of due execution of the will and its having been duly witnessed and thus of its "lawfulness" for the trial court to make the above finding of fact. We think, therefore, the statements that appellant's wife left "a will which was duly executed and witnessed," and that it was undisputed that there was "a lawful will," are supported by the record. Even if they were not, it is clear that so far

as appellant is concerned, he is not in this court in a position to challenge a fact which, by his own act of signing a deed as "sole devisee under the will," was admitted in the court below, and thus raise for the first time, on motion for rehearing, an issue not presented there.

The motion is

Denied.